IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD BAXTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:14-CV-1311-D |
| VS. | § | |
| | § | |
| CITIMORTGAGE, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from the attempted foreclosure of plaintiff's property, defendant moves for a judgment on the pleadings under Fed. R. Civ. P. 12(c). For the reasons that follow, the court grants the motion and also grants plaintiff leave to replead.

I

According to plaintiff Edward Baxter's ("Baxter's") state court petition, in 2006 Baxter purchased real property located in Rowlett, Texas. In connection with this purchase, Baxter executed a promissory note ("Note") and deed of trust ("DOT") in favor of Willow Bend Mortgage Company ("Willow Bend"). Baxter alleges that the DOT permits the "Lender" to invoke the power of sale of the property if certain prerequisites are met and defines "Lender" as "any holder of the Note who is entitled to receive payments under the Note." Pet. ¶ 6.

On April 3, 2012 an assignment of the DOT was filed with the Dallas County Clerk, purportedly assigning the DOT from Mortgage Electronic Registration System, as nominee

for Willow Bend, to defendant CitiMortgage, Inc. ("Citi").  Despite Citi's claim to being the holder of the Note, however, an Internet search shows that Federal National Mortgage Association ("Fannie Mae") actually owns the Note.

Citi filed a notice of trustee's sale with the Dallas County Clerk in which it gave notice that it intended to conduct a foreclosure sale on Baxter's property.  Baxter then filed this suit in state court seeking a temporary restraining order to prevent the sale.  He also sought a declaration that Citi is not the "Lender" under the terms of the DOT because Fannie Mae, not Citi, is the owner of Baxter's Note and therefore Citi has no right to invoke the power of sale under the DOT.  Baxter also alleged quiet title and trespass to try title claims.  Citi removed the case to this court and now moves to dismiss under Rule 12(c).

II

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6).  *See, e.g., Hoffman v. L & M Arts*, 2011 WL 3567419, at *4 (N.D. Tex. Aug. 15, 2011) (Fitzwater, C.J.) (citing *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010)).

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  To survive Citi's motion, Baxter's petition must allege enough facts "to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level [.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

III

Citi moves to dismiss Baxter's declaratory judgment and quiet title claims, both of which are based on the contention that, because Fannie Mae is the "owner" of the Note, Citi cannot foreclose on the Note as "Lender" under the terms of the DOT. Citi maintains that, although Baxter alleges that Fannie Mae is the "owner" of the Note, he has not alleged that

Citi is *not* the "holder" of the Note under Texas law.[1] Baxter responds that

> [i]f Fannie Mae is the *owner* of the Note, it is reasonably plausible that it is the holder as well. At a minimum, if Fannie Mae is the owner, it is reasonably plausible that it is entitled to receive payments and that other parties—such as [Citi]—are not entitled to receive payments.

P. Br. 4.

The DOT defines the term "Lender" as Willow Bend or "any *holder* of the Note who is entitled to receive payments under the Note." D. App. at Ex. A (emphasis added).[2] Baxter alleges that Fannie Mae is the "owner" of the Note, but not that Fannie Mae is the "holder" of the Note. "Texas law recognizes the difference between a 'holder' and an 'owner' of a promissory note." *Martin v. New Century Mortg. Co.*, 377 S.W.3d 79, 84 (Tex. App. 2012, no pet.). A holder is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." Tex. Bus. & Com.

---

[1]Citi also argues that, as servicer of the Note, it was authorized under Tex. Prop. Code Ann. § 51.0025 (West 2007) to administer the foreclosure. Because Baxter has failed to plead that Citi was not the holder of the Note, the court need not address whether Citi also had the authority to foreclose on Baxter's property as servicer of the Note.

[2]The court is citing exhibit A to Citi's motion rather than an appendix page because Citi did not file the appendix that is required by N.D. Tex. Civ. R. 7.1(i) (1) ("A party who relies on materials—including depositions, documents, electronically stored information, affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials—to support or oppose a motion must include the materials in an appendix.").

The court can consider documents submitted with a motion to dismiss (and, in turn, a motion for judgment on the pleadings) if they are "referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

Code Ann. § 1.201(b)(21) (West 2009).  In other words, the "owner" of a note is not necessarily the same person or entity as the "holder" of that note.  *See, e.g., Leavings v. Mills*, 175 S.W.3d 301, 309 (Tex. App. 2004, no pet.) ("[E]ven if a person is not the holder of a note, he may still be able to prove that he is the owner and entitled to enforce the note, foreclose on collateral and obtain a deficiency judgement under common-law principles of assignment.").  Accordingly, Baxter's allegation that Fannie Mae is the *owner* of the Note is insufficient to plausibly allege that Citi was *not* the *holder* of the Note and therefore *not* the "Lender" under the terms of the DOT.

IV

Baxter seeks a declaratory judgment[3] that Citi is not the "Lender" under the DOT and therefore that Citi lacks authority to foreclose on his property.

> The federal Declaratory Judgment Act ["DJA"] does not create a substantive cause of action.  A declaratory judgment action is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law.  Federal courts have broad discretion to grant or refuse declaratory judgment.  Since its inception, the DJA has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.  The DJA is an authorization, not a command.  It gives federal courts the competence to declare rights, but it does

---

[3] Although Baxter filed this lawsuit in Texas state court and presumably sought a declaratory judgment under Texas law, "[w]hen a declaratory judgment action filed in state court is removed to federal court, that action is in effect converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." *Redwood Resort Props., LLC v. Holmes Co.*, 2007 WL 1266060, at *4 (N.D. Tex. Apr. 30, 2007) (Fitzwater, J.) (citation omitted).

not impose a duty to do so.

*Turner v. AmericaHomeKey Inc.*, 2011 WL 3606688, at *5 (N.D. Tex. Aug. 16, 2011) (Fitzwater, C.J.) (citation omitted), *aff'd*, 514 Fed. Appx. 513 (5th Cir. 2013). Because Baxter has failed to plead a plausible substantive claim to contest Citi's power to foreclose, the court declines in its discretion to entertain his request for a declaratory judgment. *See id.* at *6.

V

The court next considers Baxter's quiet title and trespass to try title claims.[4] Both claims rest on the assertion that Citi lacked the authority to invoke the DOT's power of sale. Because the court has rejected Baxter's grounds for contending that Citi lacks the authority to foreclose on Baxter's property, *see supra* § III, Baxter has failed to state a plausible claim for relief. *See Colton v. U.S. Nat'l Bank Ass'n*, 2013 WL 1934560, at *5 (N.D. Tex. May 10, 2013) (Fitzwater, C.J.). Accordingly, the court dismisses Baxter's quiet title and trespass to

---

[4]A suit to quiet title accords an equitable remedy and is used to remove a cloud on the owner's title. *See Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App. 2012, pet. denied). It requires proof of three elements: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Schrader-Scalf v. CitiMortgage, Inc.*, 2013 WL 625745, at *3 (N.D. Tex. Feb. 20, 2013) (Fitzwater, C.J.) (citing *U.S. Nat'l Bank Ass'n v. Johnson*, 2011 WL 6938507, at *3 (Tex. App. Dec. 30, 2011, no pet.) (mem. op.)). A trespass to try title action is a statutory action that accords a legal remedy. *See Vernon*, 390 S.W.3d at 61. It is "an action to recover the possession of land unlawfully withheld from an owner who has a right of immediate possession," *Katz v. Rodriguez*, 563 S.W.2d 627, 629 (Tex. Civ. App. 1977, writ ref'd n.r.e.), and is "the exclusive remedy for resolving competing claims to property," *Parker v. Hunegnaw*, 364 S.W.3d 398, 401 (Tex. App. 2012, no pet.) (citing Tex. Prop. Code Ann. § 22.001 (West 2000)).

try title claims.

## VI

In his response, Baxter requests that if the court determines that he has not adequately pleaded his claims, he be given the opportunity to replead to cure any defects. Baxter filed this case in state court, under the pleading standards that govern in that forum. He has requested, and should be given, an opportunity to replead under the federal pleading standards. *See, e.g., Hoffman v. L & M Arts*, 774 F.Supp.2d 826, 849 (N.D. Tex. 2011) (Fitzwater, C.J.) (granting similar relief in removed case). Accordingly, the court grants Baxter 28 days from the date this memorandum opinion and order is filed to file an amended complaint.

\*   \*   \*

For the foregoing reasons, the court grants the motion to dismiss and grants plaintiff leave to replead.

**SO ORDERED**.

July 14, 2014.

*[signature]*
SIDNEY A. FITZWATER
CHIEF JUDGE