IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDWARD BAXTER, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:14-CV-1311-D |
| VS. § | |
| § | |
| CITIMORTGAGE, INC., § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from the attempted foreclosure of plaintiff's property, defendant moves for summary judgment. Concluding that defendant is entitled to summary judgment, the court grants the motion and dismisses this lawsuit with prejudice.

I

In 2006 plaintiff Edward Baxter ("Baxter") purchased real property located in Rowlett, Texas. In connection with this purchase, Baxter executed a promissory note ("Note") and deed of trust ("DOT"). The original lender named on the DOT was Willow Bend Mortgage Company ("Willow Bend"). On April 3, 2012 an assignment of the DOT was filed with the Dallas County Clerk, purportedly assigning the DOT from Mortgage Electronic Registration System, as nominee for Willow Bend, to defendant CitiMortgage, Inc. ("Citi"). Despite Citi's claim that it is the holder of Baxter's note, an Internet search shows that Federal National Mortgage Association ("Fannie Mae") actually owns the note.

When Baxter failed to make the required monthly payments on the Note, Citi posted

the property for non-judicial foreclosure.  Baxter then filed this suit in state court seeking a temporary restraining order to prevent the sale.  He also sought a declaration that Citi is not the "Lender" under the terms of the DOT and therefore has no right to invoke the power of sale, and he alleged claims for quiet title and trespass to try title.

After Citi removed the case, this court granted Citi's motion to dismiss under Rule12(c), but it permitted Baxter to replead.  *Baxter v. CitiMortgage, Inc.*, 2014 WL 3407734, at *3 (N.D. Tex. July 14, 2014) (Fitzwater, C.J.).  Citi now moves for summary judgment on Baxter's claim for a declaratory judgment that Citi is not the "Lender" under the terms of the DOT and thus cannot invoke the DOT's power of sale, and on his claims for quiet title and trespass to try title.

II

Because Baxter will bear the burden of proof on his claims at trial, Citi can meet its summary judgment obligation by pointing to the absence of admissible evidence to support the claim in question.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once Citi does so, Baxter must go beyond his pleadings and designate specific facts showing there is a genuine issue for trial.  *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  An issue is genuine if the evidence is such that a reasonable jury could return a verdict in Baxter's favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Baxter's failure to produce proof as to any essential element of a claim renders all other facts immaterial.  *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.) (citations omitted).  Summary judgment

is mandatory if Baxter fails to meet this burden. *See Little*, 37 F.3d at 1076.

III

Citi moves for summary judgment dismissing Baxter's declaratory judgment claim, contending that it can conclusively establish that it is the holder of the Note and the mortgage servicer, and that it is therefore entitled to invoke the power of sale as "Lender" under the terms of the DOT. In response, Baxter does not challenge Citi's contention that it is the holder of the Note, but he argues that Citi has failed to conclusively establish that it is entitled to receive payments under the Note. He contends that the results of a loan lookup using Fannie Mae's loan search website show that Fannie Mae is the owner of the loan. He states that "[w]hile [he] acknowledges that the terms 'owner' and 'holder' are distinct and not interchangeable, this certainly raises issues about who is entitled to receive payments under the Note—one of the two prongs of 'Lender' status." P. Br. 4.

Under the DOT, the "Lender" is authorized to invoke the power of sale of the property if certain prerequisites are met. The DOT defines "Lender" to include "any holder of the Note who is entitled to receive payments under the Note." P. App. 5. It is undisputed that Citi is the holder of the Note.[1] "As holder, [Citi] is entitled to receive payment under the Note." *Khan v. Wells Fargo Bank, N.A.*, 2013 WL 5323098, at *4 n.2 (S.D. Tex. Sept. 20, 2013). Citi is also entitled, as mortgage servicer, to receive payments under the Note. The

---

[1] Under Texas law, a "holder" is defined as "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." Tex. Bus. & Com. Code Ann. § 1.201(b)(21) (West 2009). Thus, by definition, the "holder" of a Note is always entitled to receive payments under the Note.

DOT clearly authorizes the mortgage servicer to "collect[ ] Periodic Payments due under the Note and this Security Instrument and perform[] other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law."  P. App. 14.  Citi has thus established, as a matter of law, that as both the holder of the Note and the mortgage servicer, it is the "Lender," as that term is used in the DOT, and that it has the power to invoke the power of sale of the property.

Even if there were some dispute as to whether Citi is the "Lender," as that term is used in the DOT, it is undisputed that Citi is the mortgage servicer.  Baxter argues that the Texas Property Code does not grant mortgage servicers a substantive right of foreclosure.  He contends that "Citi[,] the alleged Noteholder[,] could not give any authority, actual or apparent, to Citi[,] the servicer[,] to foreclose because Citi[,] the alleged Noteholder, as principal, is not 'Lender.'"  P. Br. 4-5.  The court disagrees.

The Texas Property Code provides that a "mortgage servicer" may administer a foreclosure on behalf of a mortgagee if "the mortgage servicer and the mortgagee have entered into an agreement granting the current mortgage servicer authority to service the mortgage," proper notice is given, and notice discloses that the mortgage servicer represents the mortgagee. Tex. Prop. Code Ann. § 51.0025 (West 2014). Baxter does not contend or adduce any evidence that would enable a reasonable jury to find that Citi is not the mortgage servicer or that the requirements of § 51.0025 have not been met.[2]

---

[2]Baxter admits in his amended complaint that he was given notice as required by Tex. Prop. Code Ann. § 51.0025.  *See* Am. Compl. ¶ 7.

Accordingly, the court dismisses Baxter's claim seeking a declaratory judgment that Citi is not "Lender" under the DOT and cannot invoke the DOT's power of sale.

IV

Defendants move for summary judgment dismissing Baxter's quiet title and trespass to try title claims.

A

"A suit to quiet title is an equitable action." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. 2001, no pet.) (citing *Katz v. Rodriguez*, 563 S.W.2d 627, 629 (Tex. Civ. App. 1978, writ ref'd n.r.e.)). "[T]he purpose of a traditional suit to quiet title is to remove a cloud from the title created by an invalid claim." *Teon Mgmt., LLC v. Turquoise Bay Corp.*, 357 S.W.3d 719, 726 (Tex. App. Oct. 27, 2011, pet. denied) (citing *Wright v. E.P. Operating Ltd. P'ship*, 978 S.W.2d 684 (Tex. App.1998, pet. denied)).

> Generally, a plaintiff in a suit to quiet title must prove, as a matter of law, right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove.

*XTO Energy Inc. v. Nikolai*, 357 S.W.3d 47, 59 n.13 (Tex. App. 2011, pet. denied) (quoting *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App. 2009, pet. denied)) (internal quotation marks omitted). "A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not the weakness of his adversary's title." *Fricks*, 45 S.W.3d at 327 (citing *Alkas v. United Sav. Ass'n of Tex., Inc.*, 672 S.W.2d 852, 857 (Tex. App. 1984, writ ref'd n.r.e)).

Trespass to try title is a statutory claim brought under Tex. Prop. Code Ann. § 22.001

(West 2014). *See id.* ("A trespass to try title action is the method of determining title to lands, tenements, or other real property."). To maintain an action for trespass to try title, the person bringing suit must have title to the land sought to be recovered. *Ramsey v. Grizzle*, 313 S.W.3d 498, 505 (Tex. App. 2010, no pet.). A plaintiff's right to recover depends on the strength of his own title, not the weaknesses of his adversary's title. *Id*. In a trespass to try title action, the plaintiff is required to prove his title by establishing (1) a regular chain of conveyances from the sovereign to the plaintiff, (2) a superior title to that of the defendant out of a common source, (3) title by limitations, or (4) prior possession that has not been abandoned. *Teon Mgmt.*, 357 S.W.3d at 728.

B

Citi contends that it is entitled to summary judgment dismissing Baxter's trespass to try title claim on the grounds that it is not currently asserting title to Baxter's property (it is only attempting to enforce the power of sale) and that Baxter has neither pleaded nor shown that he has paid the Note or is current on the Note. Citi posits that it is entitled to summary judgment dismissing Baxter's quiet title claim on the grounds that Baxter has adduced no evidence that he has tendered the amount owed on the Note, Citi has conclusively shown that it is the holder of the Note and the Note is still due and owing, and Baxter has not pleaded that the DOT is invalid or that he did not sign it.

Baxter responds that he has established that he is the record title owner to the property via a special warranty deed recorded with the Dallas County Clerk. He maintains that he

> has provided summary judgment evidence of (1) his interest in the real property (the Deed), (2) title to the property is affected by a claim by the defendant (the Notice of Trustee's Sale), and (3) though the defendant's claim may be facially valid, [it] is actually invalid and unenforceable (Fannie Mae is the owner of the Note).

P. Br. 6.

The court concludes that Citi is entitled to summary judgment dismissing these claims. The only "evidence" Baxter cites in support of his quiet title and trespass to try title claims is a copy of the special warranty deed. The court has already rejected Baxter's assertion that Citi's "claim" (i.e., the notice of trustee's sale) is invalid because Fannie Mae is the owner of the Note. *See supra* § III. Citi maintains that, when Baxter failed to make the required monthly payments on the Note, it rightfully exercised the power of sale authorized by the DOT and Texas law. Baxter has not produced any contrary summary judgment evidence. Accordingly, Citi is entitled to summary judgment dismissing Baxter's suit to quiet title and trespass to try title claims.

\* \* \*

For the foregoing reasons, the court grants Citi's amended motion for summary judgment and dismisses this action with prejudice by judgment filed today.

**SO ORDERED**.

March 30, 2015.

*[signature]*
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE